UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY PIERRE REMBERT-SCROGGINS,

Defendant.
______________________________/

Case No. 26-cr-20145

F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT OR IN THE ALTERNATIVE TO COMPEL DISCLOSURE OF NEW EVIDENCE, GRAND JURY MATERIALS, RULE 16 DISCOVERY, AND A BILL OF PARTICULARS**

## I. PROCEDURAL HISTORY

Currently before the court is Defendant's motion to dismiss the indictment, or in the alternative, to compel disclosure of new evidence, grand jury materials, Rule 16 discovery, and a bill of particulars. (ECF No. 19). The matter is fully briefed. (ECF Nos. 20, 21). The court held a hearing on the motion on September 15, 2026. For the reasons set forth below, the motion is **DENIED**.

## II. BACKGROUND

In an earlier case pending before District Judge Matthew F. Leitman in this court, Defendant pleaded guilty to one count of being a felon in possession of a firearm and the court sentenced him on November 6, 2019, to 30 months of custody and three years of supervised release. (Case No. 19-cr-20021, Judgment: ECF No. 39, PageID.115-116). Defendant was released from BOP custody in 2021 and began his term of supervised release. (Case No. 19-cr-20021, Emergency Violation Report: ECF No. 41, PageID.126). In March of 2022, the U.S. Probation Department requested an arrest warrant based on allegations that Defendant assaulted Victim-1 and based on other violations, including his failure to report to his probation officer as directed. *Id*. at PageID.127-29. Defendant admitted guilt to the technical violations and the court modified his supervised release terms by including orders that he complete a domestic violence program, that he not have contact with Victim-1's mother and sister, that he only have contact with Victim-1 over text messages, and that he cannot be in the physical presence of Victim-1 except during in-person therapy sessions or in the parking lot of a police station. (Case No. 19-cr-20021, Violation Judgment: ECF No. 56, PageID.164, 168).

Defendant again violated his modified term of supervised release. On January 29, 2024, the Probation Department filed a violation report alleging that Defendant had assaulted Victim-1 by choking her to the point that she could not breathe or yell for help, that he violated the order to not be in Victim-1's physical presence, and that he failed to attend domestic violence treatment. (Case No. 19-cr-20021, Violation Petition: ECF No. 57, PageID.169–173). After a contested hearing, the court found that Defendant had committed the violations and sentenced him to 15 months of imprisonment followed by a one-year term of supervised release which included all of his prior conditions. (Case No. 19-cr-20021, Violation Judgment: ECF No. 69, PageID.217–19).

Defendant was under this reimposed term of supervised release on October 17, 2025, when he allegedly fired shots at the car belonging to Victim-1's boyfriend. After the incident, the Probation Department issued another violation report, which alleged that Defendant fired the shots, resisted and assaulted police, and that he violated the court's no-contact order. (Case No. 19-cr-20021, Amended Violation Report: ECF No. 83, PageID.423–26). Defendant waived his right to a contested hearing and the court accepted a

no-contest plea to the allegations. (Case No. 19-cr-20021, Hrg. Tr.: ECF No. 94, PageID.457–60).

While the government was placing its sentencing recommendation on the record, the court asked the government, “Have you made any decision, yet, as to whether you will be seeking additional federal charges, and if you were to seek those charges, is that something I should think about today?” (*Id*. at PageID.477). The government responded:

> I have not -- I have not gathered sufficient evidence to go forward with new federal charges. I am certainly attempting – I’m trying to do that, but I do not have the evidence, right now, to indict Mr. Rembert-Scroggins, or else I would have done that.
>
> So to the Court’s point on that, I think what the Court should do is consider the factors that the Court is duty bound to consider under the Sentencing Reform Act. And if at a later date there is a subsequence prosection [sic], the Court should be duty bound to consider the factors in determining whether or not that sentence should be concurrent or partially concurrent with this Court’s sentence.

(*Id*. at PageID.477-78).

On December 1, 2025, the court sentenced Defendant to 12 months of imprisonment with no new term of supervise release. (Case No. 19-cr-20021, Violation Judgment: ECF No. 93, PageID.438–40). On March 18, 2026, a federal grand jury returned the indictment in this case for a violation of 18

U.S.C. § 922(g)(1), finding probable cause to believe that on October 17, 2025, Defendant, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed two rounds of ammunition. (ECF No. 1). A superseding indictment was issued on August 19, 2026 where the grand jury charged, along with forfeiture allegations:

> On or about October 17, 2025, in the Eastern District of Michigan, Timothy Pierre Rembert-Scroggins, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate commerce, ammunition, specifically a cartridge case with the with the headstamp marking "9MM PIERCE," in violation of Title 18, United States Code, Section 922(g)(l).

(ECF No. 22, PageID.124).

## III. ANALYSIS

### A. Motion to Dismiss Indictment

Defendant acknowledges the general rule that a facially valid indictment returned by a legally constituted and unbiased grand jury is enough to call for trial of the charge on the merits and satisfies the Fifth Amendment. *Costello v. United States*, 350 U.S. 359, 363 (1956). In *Costello*, the Court rejected the call to establish a rule allowing a defendant to challenge an indictment on the grounds that it was not supported by adequate

or competent evidence. *Id*. at 363-64. Defendant contends, however, that he does not ask the court to conduct a routine sufficiency of the evidence review. Instead, he asks the court to address the fact that the government told Judge Leitman on December 1, 2025, that it did not have sufficient evidence to indict Defendant for this offense. According to Defendant, the later indictment is only permissible if the government obtained new evidence after that representation or the AUSA's representation was inaccurate or misleading when made. Defendant contends that he is entitled to know what, if anything, changed.

Defendant seeks dismissal of the indictment based on the government's prior characterization of the sufficiency of the evidence. In the court's view, Defendant's theory is an end-run around the well-established rule that a defendant may not challenge an indictment on the grounds that it was not supported by adequate or competent evidence. Further, Defendant does not cite any authority that would support dismissal of the indictment in these circumstances. Defendant points to *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988), in which the Supreme Court held that dismissal of an indictment for nonconstitutional violations is appropriate only "if it is established that the violation substantially influenced the grand jury's

decision to indict," or if there is "grave doubt" that the decision to indict was free from the substantial influence of such violations. Defendant says if the government presented the same body of evidence that it told Judge Leitman was insufficient to indict or if it relied on the limited no-contest supervised-release resolution as substantive proof, the integrity of the indictment is directly at issue. Defendant has not explained, let alone established, how the government's statements before Judge Leitman could have substantially influenced the grand jury's decision to indict or how they show "grave doubt" that the decision to indict was free from substantial influence of the alleged violation. Further, Defendant offers the court no basis, other than speculation, to believe that the government improperly presented no-contest plea evidence to the grand jury. Thus, the court finds that dismissal is not appropriate under *Bank of Nova Scotia* and the motion for this relief is denied.

In his initial motion, Defendant also argues that "due process and fundamental fairness do not permit the government to tell one federal judge that it lacks sufficient evidence to indict, structure the supervised-release proceeding around that representation and Mr. Rembert-Scroggins's preserved right to remain silent, and then later obtain an Indictment on the same evidence without disclosing what changed." (ECF No. 19, PageID.49).

Defendant cites no case law or other authority in support of his position on due process and does not otherwise develop this argument. Defendant's due process argument is woefully undeveloped and therefore, his argument is deemed waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

In the reply brief, Defendant attempts to resurrect his due process argument and combines it with an entirely new argument: judicial estoppel. (ECF No. 21, PageID.119-120). However, it is well established that a reply brief is not the proper place to raise new arguments or facts, and these arguments regarding judicial estoppel and due process appear nowhere in Defendant's original motion and brief. *See United States v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) ("[T]he appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief."). A reply brief is an opportunity to respond to arguments made in the response brief; it does not provide the

moving party with a new opportunity to present a new issue for the court's consideration. *Scottsdale*, 513 F.3d at 553. A non-moving party ordinarily has no right to respond to the reply brief and so as a matter of litigation fairness and procedure, such issues are considered waived. *Id.*; *see Allen v. Hardrock HDD, Inc.*, No. 16-13869, 2018 WL 2363924, at *6 (E.D. Mich. May 24, 2018). Accordingly, the court will address Defendant's due process and judicial estoppel arguments no further.

B. <u>No-Contest Plea</u>

Defendant requests that the court find that the government is barred from using the no-contest plea, the violation finding, or the limited factual basis offered at the plea hearing as substantive evidence that he knowingly possessed ammunition on October 17, 2025. As the court explained at the hearing, this issue would be addressed at the time of trial, in the normal course.

Under Fed. R. Crim. P. 6(e)(3)(E)(ii), Defendant also asks that the court review the grand jury record *in camera* to determine whether the government presented any of this material to the grand jury. The court has already rejected Defendant's arguments regarding dismissal of the indictment. Thus, he cannot show that "a ground may exist to dismiss the indictment because of

a matter that occurred before the grand jury," Fed. R. Crim. P. 6(e)(3)(E)(ii), which is necessary to invoke this provision.

Additionally, Defendant has not shown a "particularized need" for the *in camera* review of the grand jury proceedings. Notably, "the proceedings before the grand jury enjoy a presumption of regularity." *United States v. Wahib*, 578 F. Supp. 3d 951, 961 (N.D. Ohio 2022). Moreover, there is a "strong policy in favor of maintaining the secrecy of grand jury proceedings." *United States v. Azad*, 809 F.2d 291, 294 (6th Cir. 1986). "The Sixth Circuit, however, requires that the grounds for disclosure be demonstrated with particularity and reflect a narrowly tailored and compelling need." *United States v. Richardson*, No. 1:08-CR-118, 2009 WL 10674292, at *3 (S.D. Ohio Jan. 7, 2009) (citing *In re Grand Jury 89-4-72*, 932 F.2d 481, 489 (6th Cir. 1991)), *aff'd*, 681 F.3d 736 (6th Cir. 2012). Where a defendant fails to "identif[y] anything in the record that suggests that there were any irregularities in the grand jury proceedings," it is proper to deny disclosure of the grand jury proceedings, because "mere allegations of improper procedure without any facts supporting those allegations are not enough to demonstrate particularized need." *United States v. Demarey*, 1996 WL 145870, at *2 (6th Cir. Mar. 29, 1996). Grand jury transcript disclosure or even *in camera* review imposes a

high standard on a defendant and mere speculative belief about how the grand jury was advised by the prosecution is insufficient. *United States v. Conklin*, No. 2:26-CR-00011, 2026 WL 1075065, at *4 (S.D. Ohio Apr. 20, 2026). And where a defendant "has not pointed to anything in the record which might suggest that the prosecution engaged in improper conduct before the grand jury[,] [h]is claims ... amount to nothing more than unsupported speculation, and this is not enough to constitute a 'particularized need.'" *United States v. Stone*, No. 2:10-CR-20123, 2011 WL 3348051, at *4 (E.D. Mich. Aug. 3, 2011) (quoting *United States v. Edelson,* 581 F.2d 1290, 1291 (7th Cir. 1978)), *report and recommendation adopted*, 2011 WL 4632654 (E.D. Mich. Oct. 5, 2011). Here, Defendant has not demonstrated a particularized need for an *in camera* review of the grand jury proceedings and his motion is based on mere speculative belief that the government might have presented improper material to the grand jury. *See United States v. Short,* 671 F.2d 178, 187 (6th Cir. 1982) ("A general claim ... that disclosure of grand jury transcripts would reveal exculpatory evidence is not sufficient to satisfy the requirement of showing particularized need."). The motion for *in camera* review will therefore be denied.

C. Request for Discovery

In the alternative to dismissal, Defendant requests that the government be required to disclose discovery under Federal Rule of Criminal Procedure 16(a)(1)(B), (E), and (F), along with relevant material under *Brady* and *Giglio*. Defendant argues that the requested discovery goes directly to the issue of (1) the government's obligation, under § 922(g), to prove that Defendant knew he possessed the ammunition and knew he belonged to the relevant prohibited category; and (2) the government's change in position after December 1, 2025. At the hearing, Defendant's counsel clarified that he was asking for an order requiring the government to identify and produce all evidence obtained after December 1, 2025, that it believes led the grand jury to find probable cause.

Rule 16 "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony." *United States v. Watson,* 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting *United States v. Pegross,* No. 05-80949, 2007 WL 1771542 at *1 (E.D. Mich. 2007)). The court has already

ordered the government to provide Rule 16(a)(1) materials on Defendant's request. (ECF No. 10, PageID.14). Where the government has assured the court and defendants that it is aware of and will comply with its obligations under Rule 16, defendants' motions requesting pretrial discovery are typically denied. *United States v. Prentice*, No. 1:10-CR-00044-R, 2011 WL 5507361, at *3 (W.D. Ky. Nov. 10, 2011) (citing *Watson*, 787 F. Supp. 2d at 672-73; *United States v. Moore,* No. 5:09-CR-00015-R, 2010 WL 5092719, at *1-2 (W.D. Ky. Dec. 7, 2010)). Here, the government indicated at the hearing that it had produced Rule 16 materials and understood its continuing obligation to do so. Accordingly, the request for Rule 16 materials is denied.

Similarly, the court has already ordered the government to turn over materials under *Brady/Giglio* on Defendant's request (ECF No. 10, PageID.14) and to comply with *Brady* in a timely manner (ECF No. 7). The court has no reason to believe that the government has not complied with these orders and its obligations. Under such circumstances, should Defendant become aware of specific material that may be subject to the court's prior orders, he may make a specific *Brady* request to the government and bring the matter to the attention of the court if necessary. *See United States v. Jordan*, No. 3:06-CR-102, 2007 WL 1849985, at *14 (E.D. Tenn. June 25, 2007), *report and*

*recommendation adopted*, 2007 WL 2220410 (E.D. Tenn. July 27, 2007). Thus, the court finds any further order to produce *Brady/Giglio* materials unnecessary.

Defendant contends that he is entitled to immediate production of Jencks materials because trial is only weeks away. While the court's case management order encourages early production of Jencks materials (ECF No. 10, PageID.15), the court acknowledges that it may not order early production. The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case*.

18 U.S.C. § 3500 (emphasis added). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. The defendant is only entitled to the statement *after* the witness has testified." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982) (emphasis added). "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act

material before trial." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). Accordingly, the court denies the request for early disclosure of Jencks material.

D. Bill of Particulars

Defendant's motion asks for a bill of particulars under Fed. R. Crim. P. 7(f). However, Defendant conceded at the hearing that a bill of particulars was no longer necessary based on the superseding indictment.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED**.

**SO ORDERED.**

Date: October 14, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge